UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEPANIE BANKS, et al., | ) | CASE NO.5:10CV561 |
|  | ) |  |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION & ORDER |
|  | ) |  |
| STATE FARM FIRE & CASUALTY CO., | ) |  |
|  | ) |  |
| DEFENDANT. | ) |  |

Before the Court is the motion of Defendant State Farm Fire & Casualty Co. (State Farm) to dismiss all claims of Plaintiff Loy Banks for want of prosecution. (Doc. No. 21.) The motion is unopposed. For the reasons that follow, State Farm's motion is GRANTED.

This insurance action was commenced in state court on February 21, 2010 by Plaintiffs Stephanie and Loy Banks. On March 16, 2010, State Farm removed the matter to this Court. (Doc. No. 1, Notice of Removal.) In their Complaint, Plaintiffs allege that State Farm breached the terms of the home owner's insurance policy it issued to Plaintiffs, and that State Farm, in doing so, acted in bad faith.

On April 30, 2010, the Court conducted a Case Management Conference (CMC). Loy Banks attended the CMC with his counsel. Shortly thereafter, the Court granted the motion of counsel for Loy Banks to withdraw. As of the date of this order, no new counsel has entered an appearance on behalf of Loy Banks.

On September 13, 2010, the Court conducted a status conference, but Loy Banks was not in attendance. At the conference, counsel for Plaintiff Stephanie Banks and State Farm advised the Court of Loy Banks's failure to respond to telephone calls and discovery requests, and his overall unwillingness to participate in the prosecution of this lawsuit. The Court attempted to contact Loy Banks during the status conference, but was unable to reach him.

Also on September 13, 2010, the Court informed Plaintiff in a written order that:

> Defendant's counsel has advised the Court that Loy Banks has failed to respond to written discovery, and has failed to respond to any written correspondence. Loy Banks shall advise the Court in writing by September 23, 2010 as to whether he wishes to continue as a plaintiff in this matter. Should he wish to continue, he must provide the Court with contact information and must respond to discovery requests and communicate with counsel, as is required of any pro se litigant. *Failure to timely respond to this notice, or failure to respond to discovery requests or communications from counsel, may result in sanctions, up to an including dismissal of this action as to his claims.*

(Doc. No. 20, emphasis added.) Loy Banks failed to respond to the Court's order. State Farm's motion to dismiss followed.

"It is incumbent on litigants, even those proceeding pro se, to follow […] rules of procedure." *Fields v. County of Lapeer*, No. 99-2191, 2000 U.S. App. LEXIS 29182, at *5 (6th Cir. Nov. 8, 2000). Rule 41(b) provides for the dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court […]." Such a dismissal acts as an adjudication on the merits. *Id*. The Sixth Circuit has recognized that a Rule 41(b) dismissal "is available to the district court as a tool to effect management of its docket and avoidance of

2

unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts. *Wright v. Coca-Cola Bottling Co.*, 41 Fed. Appx. 795, 795 (6th Cir. 2002).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Education*, 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the plaintiff that failure to cooperate could result in dismissal is particularly important to support the sanction. *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287, 288 (6th Cir. 1991).

The Court finds that Loy Banks's failure to prosecute this action was a result of willfulness and fault, evidenced by the following:

(1) Loy Banks's failure to respond to written discovery propounded May 2, 2010 by State Farm;

(2) his failure to comply with the Court's September 12, 2010 Order requiring him to respond in writing as to his desire to continue with the litigation; and

(3) his failure to respond to oral and written correspondence of counsel for Plaintiff Stephanie Banks and State Farm.

In its motion, State Farms notes that "it appears that the Court's notification system contained the wrong address for Mr. Banks, and he may not have

3

received notice of the September 13, 2010 status conference."[1] (Mot. at 3, n.2) While this appears from the docket to be the case, the Court attempted to contact Loy Banks during the status conference, and sent its September 13, 2010 Order to the address supplied by Loy Banks as his current address. If, indeed, this is no longer his address, the Court notes that Loy Banks had a duty to keep the Court apprised of any changes in his address, and his failure to do so would provide additional support for the Court's decision to dismiss him from this lawsuit. *See, e.g., Whittaker v. Hilltop Records*, 2009 U.S. Dist. LEXIS 76936 (S.D. Ohio), adopted by, and action dismissed by, 2009 U.S. Dist. LEXIS 76938 (S.D. Ohio Aug. 27, 2009) (dismissal of pro se complaint wherein plaintiff failed to apprise the court of change of address).

Loy Banks has exhibited a complete disregard for the rules established for orderly case management. He has caused a lawsuit to be filed, yet has since failed to comply with even the most fundamental procedural rules. In the process, he has wasted valuable Court resources and has prevented the Court from properly administering this case. State Farm has been prejudiced by having to defend a case in which the plaintiff (Loy Banks) refuses to meaningfully participate.[2] Further, he was given prior written notice that his failure to participate may result in sanctions up to and including dismissal

---

[1] The status conference was rescheduled from September 17, 2010, the date identified in the Court's Case Management Plan and Trial Order (CMPTO). While Loy Banks may not have received notice of the rescheduling of the status conference, he was apprised by his former counsel of the dates and deadlines that appeared in the CMPTO, *see* Doc. No. 14, yet failed to appear on September 17, 2010 to attend the status conference as it was originally scheduled.

[2] Plaintiff Stephanie Banks has also been prejudiced by Loy Bank's failure to prosecute. At the September 13, 2010 status conference, counsel for State Farm indicated that his client would only be interested in pursuing mediation if the bad faith claim was dismissed. While counsel for Stephanie Banks stated that her client would be amenable to dismissing the bad faith claim, the claim cannot be dismissed as against Loy Banks without his approval. As such, the participating parties are currently precluded from exploring a possible early resolution, due, in large measure, to Loy Bank's failure to prosecute.

of his claims. The Court finds that sanctions short of dismissal would not cure Plaintiff's abject failure to comply with Court rules and orders which has resulted in his failure to properly prosecute this case. *See Moreno v. Medtronic Sofamor Danek*, No. 06-2165, 2007 U.S. Dist. LEXIS 52115 (W.D. Tenn. July 18, 2007) (applying the Sixth Circuit standard and dismissing a case where pro se plaintiff failed to respond to motion for summary judgment and failed to respond to show cause order); *Johnson v. Schnelz*, No. 04-74930, 2006 U.S. Dist. LEXIS 10202, at *10 (E.D. Mich. Feb. 24, 2006) (applying Sixth Circuit standard enumerated in prior order and dismissing case after pro se Plaintiff failed to respond to show cause order).

Accordingly, the claims raised by Loy Banks against State Farm are DISMISSED with prejudice, and Loy Banks is DISMISSED from this action. In light of this ruling, dispositive motions shall be due on January 10, 2010, response briefs shall be filed by January 31, 2010, and any replies must be filed by February 10, 2010. All other dates and deadlines set forth in the Court's Case Management Plan and Trial Order shall remain in effect.

**IT IS SO ORDERED**.

Dated: December 30, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**